```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                    )
CHRISTOPHER LACCINOLE,              )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )    C.A. No. 16-586 S
                                    )
WHITEPAGES, INC.,                   )
                                    )
        Defendant.                  )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 7), Plaintiff's Motion to Remand (ECF No. 8), and Defendant's Motion to Dismiss (ECF No. 13). For the reasons set forth below, Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 7) is GRANTED and Plaintiff's Motion to Remand (ECF No. 8) is DENIED. Plaintiff is provided fourteen (14) days from the date of this Order to respond to Defendant's Motion to Dismiss (ECF No. 13).

I. Background

The factual allegations in this case are uncomplicated. According to the Complaint, Christopher Laccinole ("Plaintiff") is a Rhode Island citizen who requested a credit report from Whitepages, Inc. ("Defendant"), a Delaware corporation. Plaintiff alleges that Defendant initially refused to provide a

report and then provided a report that included false information about Plaintiff. (Compl. ¶¶ 28-31, ECF No. 1-1.) In response, Plaintiff filed suit against Defendant in Rhode Island Superior Court alleging violations of Rhode Island's Deceptive Trade Practices Act, R.I. Gen. Laws § 6-13.1, and Consumer Empowerment and Identity Theft Prevention Act, R.I. Gen. Laws § 6-48. The relief sought included actual damages, statutory damages, punitive damages, costs and attorney fees, as well as declaratory and injunctive relief. (Compl. ¶¶ 40, 46, ECF No. 1-1.)

Defendant removed this action to federal court pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). According to Defendant, there is complete diversity because Plaintiff is a Rhode Island citizen and Defendant is a Delaware corporation with its principal place of business in Seattle, Washington. (Notice of Removal ¶¶ 4-8, ECF No. 1.) Additionally, Defendant proffers that the amount in controversy can reasonably be expected to exceed $75,000, in large part because Plaintiff asks the Court to permanently enjoin Defendant from conducting any business in Rhode Island. (Id. ¶¶ 9-19.)

Plaintiff now seeks to amend the Complaint and remand this action to state court. Plaintiff's Amended Complaint removes any request for injunctive relief (see Amended Complaint ¶¶ 41, 47, ECF No. 7-1) and states that "[t]he total amount in controversy (inclusive of all costs, fees, damages and relief) will in no

circumstances exceed $50,000.00" (Id. ¶ 35). With the amount in controversy now alleged to be less than $75,000, Plaintiff argues that the Court no longer has diversity jurisdiction based on the amount in controversy requirement of 28 U.S.C. § 1332(a). (See Mot. to Remand 2-3, ECF No. 8.) Plaintiff also argues that Defendant "is not a diverse party, but rather a Rhode Island entity." (Id. at 3.)

II. Amount in Controversy

Defendant, as the party seeking removal, has the burden of establishing diversity jurisdiction by a preponderance of the evidence. Hogan v. Wal-Mart Stores E., L.P., No. CA 13-603 S, 2014 WL 66658, at *3 (D.R.I. Jan. 8, 2014). The Court has diversity jurisdiction only if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a). In determining the amount in controversy, the Court looks to the relief requested by Plaintiff in the original Complaint, not in Plaintiff's proposed Amended Complaint. This is because the existence of federal jurisdiction is determined at the outset of the litigation and "once jurisdiction attaches, it is not ousted by a subsequent change of events." Coventry Sewage Assocs. v. Dworkin Realty Co., 71 F.3d 1, 7 (1st Cir. 1995); see also In re Carter, 618 F.2d 1093, 1101 (5th Cir. 1980) ("It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at

the time the petition for removal was filed. . . . Indeed, it has often been stated that the plaintiff cannot rob the district court of subject matter jurisdiction by electing to amend away the grounds for federal jurisdiction."), cert. denied, 450 S. Ct. 949 (1981).

The original Complaint does not provide for a specific damages claim. Therefore, because "the jurisdictional amount is not facially apparent from the complaint, the court may look to the notice of removal and any other materials submitted by the parties." Hogan, 2014 WL 66658, at *3. As a starting point, both sides seemingly agree that, putting aside the cost of injunctive relief, the potential damages in this case likely add up to less than $75,000. While Defendant does not provide a specific estimate of potential damages, Plaintiff states that "[t]he total amount in controversy (inclusive of all costs, fees, damages and relief) will in no circumstances exceed $50,000.00." (Amended Complaint ¶ 35.).

The Court is therefore left with the task of estimating the potential cost to Defendant of the injunctive relief requested by Plaintiff. See Richard C. Young & Co. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004) ("Courts have repeatedly held that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation."). The Complaint requests injunctive relief "to

4

permanently restrain and enjoin Defendant from conducting any business in the State of Rhode Island." (Compl. ¶¶ 40, 46, ECF No. 1-1.) If granted, the evidence before the Court suggests that such broad injunctive relief would cost Defendant more than $75,000. As Plaintiff himself noted, Defendant "sells information about hundreds of thousands of Rhode Island citizens" and is "profiting from the information of so many Rhode Islanders." (Mot. to Remand 3, ECF No. 8.) Additionally, Defendant has provided evidence that the requested injunctive relief would cost Defendant a minimum of $10,000 per month. (See Schmitt Decl. ¶ 5, ECF No. 12.) The Court therefore finds that Defendant has met its burden of establishing, by a preponderance of the evidence, that the amount in controversy is in excess of $75,000.

   III. Complete Diversity of the Parties

   Diversity jurisdiction attaches only where the parties are citizens of different states. See 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of Rhode Island and argues that Defendant "is not a diverse party, but rather a Rhode Island entity." (Mot. for Remand 3, ECF No. 8.) However, Plaintiff provides no evidence to support this claim. The rule governing corporate citizenship is clear: "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff

5

concedes that Defendant is incorporated in Delaware, not Rhode Island. (Compl. ¶ 10, ECF No. 1-1.) Furthermore, Defendant has provided evidence that it operates principally out of its office in Seattle, Washington. (See Schmitt Decl. ¶ 4, ECF No. 12.) Absent evidence to the contrary, the Court finds that there is complete diversity among the parties.

IV. The Proposed Amended Complaint

Plaintiff moves to amend his Complaint. (Mot. for Leave to Amend Compl., ECF No. 7.) Plaintiff is permitted to amend his Complaint "once as a matter of course" where, as here, the motion is filed before Defendant filed either a responsive pleading or motion under Rule 12 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15(a)(1); see also Taite v. Peake, No. CIV 08-CV-258-SM, 2009 WL 94526, at *1 (D.N.H. Jan. 9, 2009) ("The district court has no discretion to reject an amended pleading filed before a responsive pleading is served, even if the court considers the amendment futile.") (quoting 3 Moore's Fed. Practice, § 15.11 (3rd ed. 2008)). Plaintiff's Motion for Leave to Amend the Complaint is therefore GRANTED.

V. Motion to Dismiss

Defendant filed a Motion to Dismiss. (ECF No. 13.) That motion was filed in relation to Plaintiff's original Complaint. Now that the Plaintiff has filed an Amended Complaint, the Court will construe Defendant's Motion to Dismiss as against the Amended Complaint. Plaintiff has failed to respond to

6

Defendant's Motion to Dismiss. In light of the Court's denial of Plaintiff's Motion to Remand, the Court will provide Plaintiff with an additional fourteen (14) days from the date of this Order to Respond to Defendant's Motion to Dismiss.

VI. Conclusion

For the reasons set forth above, Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 7) is GRANTED and Plaintiff's Motion to Remand (ECF No. 8) is DENIED. The Defendant's Motion to Dismiss will be construed as a Motion to Dismiss the Amended Complaint. Plaintiff has fourteen (14) days from the date of this Order to respond to Defendant's Motion to Dismiss.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: March 8, 2017